DIXON, Chief Justice.
The question here is whether the police can stop an automobile, being properly driven on a public highway, solely because the automobile bears a Louisiana license plate and an out-of-state inspection sticker. As a result of such a stop, the defendant, Glyn Wilson, was charged with violating R.S. 14:95.1, which makes it a crime for a convicted felon to possess a firearm. The defendant moved to suppress the evidence obtained from the stop. After an eviden-tiary hearing the district court denied the defendant’s motion. We reverse and find that the stop of the automobile, based on neither probable cause nor reasonable suspicion, was an unreasonable seizure under the Fourth Amendment and Article 1, § 5 of the 1974 Louisiana Constitution.
On July 21, 1979 a state trooper observed the defendant traveling on U. S. 61 with a Louisiana license plate and an out-of-state inspection sticker on his automobile. For this reason, the trooper stopped the defendant and followed his normal practice of requesting the defendant’s driver’s license and vehicle registration papers. The trooper noticed that the defendant’s inspection sticker was a valid Mississippi inspection sticker, but he advised the defendant to go to his glove compartment and get his vehicle registration papers. When the defendant opened his glove compartment, the trooper saw a revolver in the glove compartment. The trooper checked the gun by radio and learned that the gun was not stolen and the defendant was not wanted. The trooper asked the defendant if the gun belonged to him; the defendant replied that it did. The gun was returned to the defendant, who was told that he could leave. When it was later determined that the defendant was a convicted felon, he was charged with illegal possession of the gun.
The sole issue before this court is whether or not the investigatory stop was constitutionally valid. The Fourth Amendment of the United States Constitution and Article 1, § 5 of the 1974 Louisiana Constitution prohibit unreasonable searches and seizures. The stop of an automobile and the detention of its occupants have been viewed as a “seizure” within the meaning of the Fourth Amendment. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); United States v. Martinez—Fuerte, 428 U.S. 543, 96 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); U. S. v. Brigoni-Ponce, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975).
In Delaware v. Prouse, supra, the United States Supreme Court held that it is an unreasonable seizure under the Fourth Amendment to stop an automobile and detain the driver for the purpose of checking his driver’s license and vehicle registration papers, where there is neither probable cause nor reasonable suspicion to believe that a motorist is unlicensed or that an automobile is not registered, or that either the car or its occupants is subject to seizure for violation of the law. The court concluded that there must be at least an articulable and reasonable suspicion that the car is being driven contrary to the laws governing the operation of motor vehicles.
In this case the state trooper stopped the defendant only because he had a Louisiana license and an out-of-state inspection sticker on his automobile. It is not a crime *746 under Louisiana law to operate a vehicle with a Louisiana license plate and a valid inspection sticker from another state.[1] The trooper was aware of this law and testified to that effect at the suppression hearing: “. . . I advised him he could go, because all of his papers were in order for the vehicle, the car belonged to him, the driver’s license was his, and he had a valid inspection sticker, and we allow, in this State, a valid inspection sticker from another State until it expires; then he’s required to get a Louisiana inspection sticker.”
The trooper had no reason to believe that the defendant’s Mississippi inspection sticker had expired; he only knew that the inspection sticker on defendant’s automobile was from out-of-state. The fact that the defendant’s automobile bore an out-of-state inspection sticker did not provide the trooper with an articulable and reasonable suspicion that the defendant’s car was being driven contrary to the laws of this state.
Neither was there any other reason to stop the defendant. There was no evidence which led the trooper to believe that the defendant’s driver’s license had expired or that his registration papers were improper.
“An individual operating or travelling in an automobile does not lose all reasonable expectation of privacy simply because the automobile and its use are subject to government regulation.” Delaware v. Prouse, 440 U.S. 648, 649, 99 S.Ct. 1391, 1393, 59 L.Ed.2d 660, 673. To allow law enforcement officers to stop a vehicle solely because the vehicle displays a Louisiana license plate and an out-of-state inspection sticker would invite intrusions upon constitutionally guaranteed rights based on nothing more substantial than inarticulate hunches. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).
We conclude that the stop of the defendant’s car violated the Fourth Amendment of the United States Constitution and Article 1, § 5 of the 1974 Louisiana Constitution.[2] Evidence obtained as a result of an unlawful stop is constitutionality inadmissible against the accused. State v. Washington, 364 So.2d 958 (La.1978); State v. Wilson, 366 So.2d 1328 (La.1978); State v. Smith, 347 So.2d 1127 (La.1977).
The district court erred in overruling the defendant’s motion to suppress the evidence obtained from the stop. Accordingly, the judgment of the district court is reversed, and the motion to suppress is granted. The case is remanded for further proceedings not inconsistent with the views expressed herein.
LEMMON, J., dissents and assigns reasons.

. Procedural Order Number 413.3 provides the following:
“Pursuant to the authority granted to the Director of Public Safety in R.S. 32:1304, Paragraph C, the Director herewith:
1. Authorizes the acceptance in this State on any Louisiana registered vehicle a valid certificate of inspection and approval issued in the District of Columbia or in another state of the United States, provided such certificate was obtained while such vehicle was regularly assigned, garaged, or stationed outside the State of Louisiana or registered in another state when inspected by that state.”

. There is no merit to the state’s argument that the stop can be justified under C.Cr.P. 215.1, which provides in part:
“A. A law enforcement officer may stop any person in a public place whom he reasonably suspects is committing, has committed or is about to commit a felony or a misdemeanor and may demand of him his name, address and an explanation of his actions.”
Under this article the validity of the investigatory stop depends on whether the officer has articulable knowledge of particular facts sufficient to warrant infringement upon the individual’s constitutional right to be let alone. State v. Neyrey, 383 So.2d 1222 (La. 1980); State v. Shy, 373 So.2d 145 (La.1979). In this case the trooper did not have articulable knowledge of particular facts sufficiently reasonable to suspect the defendant of any criminal activity.